Angelina FRANCISCO–PASCUAL,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–72085.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Dec. 7, 2005.

Samuel W. Asbury, Esq., Gresham, OR, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel Department of Homeland Security, Portland, OR, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER and RAWLINSON, Circuit Judges, and OTERO,** District Judge.

MEMORANDUM ***

Petitioner Angelina Francisco–Pascual, a native and citizen of Guatemala, petitions for review of an adverse decision by an immigration judge ("IJ") and the Board of Immigration Appeals ("BIA"). "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003).

1. Substantial evidence supports the determination that Petitioner had firmly resettled, 8 C.F.R. §§ 208.13(c)(2)(i)(B)

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable S. James Otero, United States District Judge for the District of Central California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and 208.15, in Mexico, where she lived for 15 years before coming to the United States. Petitioner concedes that her lengthy stay in Mexico raises a presumption of firm resettlement, which she has the burden to rebut. *Cheo v. INS,* 162 F.3d 1227, 1229–30 (9th Cir.1998).

This case is distinguishable factually from *Camposeco–Montejo v. Ashcroft,* 384 F.3d 814 (9th Cir.2004). For example, Petitioner was allowed to attend school in Mexico, she testified that her father was not repatriated to Guatemala, and there was evidence in this record that a number of Guatemalan refugees remain in Mexico by choice and with the permission of the government.

2. To qualify for withholding of removal, Petitioner had to show that it was more likely than not that she would be subjected to persecution on a protected ground, *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir. 2001), by the Guatemalan government or an entity that the government cannot or will not control, *Reyes–Reyes v. Ashcroft,* 384 F.3d 782, 788 (9th Cir.2004). The evidence here would not compel a reasonable finder of fact to conclude that Petitioner met that standard.

PETITION DENIED.